UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DASHAUN NELLUM,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK COVELLO,<br><br>Defendant. | Case No. 22-cv-04735-JSW<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. No. 2, 3 |

**INTRODUCTION**

Petitioner, a prisoner of the State of California proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state court conviction. Because the petition is clearly untimely on its face, it is DISMSISED. Petitioner is also GRANTED leave to proceed in forma pauperis.

**DISCUSSION**

I. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

II. Legal Claims

Petitioner was sentenced to a term of 25-years-to-life sentenced on March 17, 2000. (ECF No. 1 at 1.) He indicates that his direct appeal was denied by the California Supreme Court in 2002, and by the California Court of Appeal (presumably on remand) in 2006. (*Id.* at 3.) He

1 further states that he filed no other post-conviction petitions in the state courts, but that he
2 currently has post-conviction proceedings pending in the California Court of Appeal and the
3 California Supreme Court. (*Id.*) The instant petition can be deemed filed at the earliest on the
4 date it was signed: July 20, 2022. (*Id.* at 6.)

Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). There are no allegations indicating that grounds (B) – (D) have any applicability to this case. Under section 2244(d)(1)(A), the judgment became final in 2006, when his final direct appeal was denied, or, at the latest, in early 2007, when the time for seeking direct review of his final appeal expired. Thus, the instant petition was filed at least 15 years after the statute of limitations expired. As Petitioner did not file a habeas petition in the state courts before the limitations period expired, there is no grounds for tolling under 28 U.S.C. § 2244(d)(2) (providing that the running of the limitations is tolled while any habeas petitions are pending in the state courts). *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitations period). No grounds for equitable tolling are asserted or apparent in the petition.

Petitioner states in conclusory fashion that the petition must be granted to avoid "a miscarriage of justice." (ECF No. 1 at 36.) The Supreme Court limits the "miscarriage of justice" exception to habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). This requires the petitioner to show "by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *House v. Bell*, 547 U.S. 518, 539 (2006). Petitioner does not present evidence of his factual

United States District Court
Northern District of California

innocence, rather he makes several claims that he is legally entitled to habeas relief. Such arguments do not amount to a miscarriage of justice exception to the limitations period. There is no indication, moreover, that Petitioner's claims could not have been made within the limitations period.

## CONCLUSION

For the foregoing reasons and for good cause shown, the instant petition is untimely and must be DISMISSED. Petitioner shall disregard the deficiency notice regarding his application to proceed in forma pauperis (ECF No. 3); leave to proceed in forma pauperis is GRANTED.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: August 22, 2022

_____
JEFFREY S. WHITE
United States District Judge